COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Bray and Retired Judge Trabue[*]
Argued at Norfolk, Virginia

LAMONT ALPHONSO HAWKINS

v.          Record No. 0361-93-4          MEMORANDUM OPINION[**] BY
                                          JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                        JUNE 20, 1995

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Porter R. Graves, Jr., Judge

William P. Robinson, Jr. (Robinson, Madison, Fulton &
Anderson, on brief), for appellant.

Leah A. Darron, Assistant Attorney General (James S.
Gilmore, III, Attorney General, on brief), for appellee.


Lamont Alphonso Hawkins (defendant) was convicted by the trial court for possession of cocaine. Defendant complains on appeal that the court erroneously admitted evidence that was gathered by police pursuant to an invalid search warrant. Finding no error, we affirm the conviction.

The parties are fully conversant with the record in this case, and we recite only those facts necessary to explain our holding.

Upon appeal from a trial court's denial of a motion to suppress, we must review the evidence in the light most favorable to the prevailing party, granting to it all reasonable inferences fairly deducible therefrom. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991); Reynolds v.

---

[*]Retired Judge Kenneth E. Trabue took part in consideration of this case by designation, pursuant to Code § 17-116.01.

[**]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

Commonwealth, 9 Va. App. 430, 436, 388 S.E.2d 659, 663 (1990). The findings of the trial court will not be disturbed unless "plainly wrong," Grimstead, 12 Va. App. 1067, 407 S.E.2d at 48, and the burden is upon the appellant to show that the denial constituted reversible error. Reynolds, 9 Va. App. at 436, 388 S.E.2d at 663.

Between January 30, 1992 and February 25, 1992, David Allen, an unpaid police informant, made three "controlled" purchases of cocaine from defendant. Acting on this information, McDorman made an affidavit in support of a search warrant for defendant's apartment on February 27, 1992. The warrant expressly described the "PROPERTY [and] OBJECTS . . . SOUGHT IN SEARCH" as:

> [c]ontrolled substance, paraphrenalia [sic], currency, documents, records associated with the possession and distribution of narcotics, particularly cocaine and marijuana; documents, records, material demonstrating knowledge , purpose, plan, motive, and intent associated with possession and/or distribution of drugs, computers and computer disks, audio tapes including telephone answering machines/devices, cellular telephones including memory, paging devices including memory.

Following issuance of the warrant, McDorman learned through monitored conversations between Allen and defendant that defendant's supply of cocaine was temporarily exhausted, and he delayed the search until Allen made yet another purchase of the drug from defendant, at the apartment, on March 10, 1992. Immediately thereafter, McDorman, accompanied by other officers, executed the warrant, and discovered cocaine, marijuana, two

digital pagers, approximately twenty-five "Zip-lock" bags, and several small plastic "baggie corners." Defendant was then arrested for the subject offenses.

"[W]hen a warrant has been issued based upon probable cause, whether probable cause continues to exist at the time the warrant is executed depends on the length of delay and the nature of the observed criminal activity, that is, whether the activity is an ongoing enterprise or an isolated incident." Turner v. Commonwealth, 14 Va. App. 737, 745, 420 S.E.2d 235, 239-40 (1992). "The selling of drugs, by its nature, is an ongoing activity." Id. at 746, 420 S.E.2d at 240. "[T]he fact that the officers delay executing a search warrant until a time the officer determines will be most opportune to yield a successful result does not invalidate the warrant so long as probable cause continued to exist at the time of execution." Id. at 747-48, 420 S.E.2d at 241.

Defendant contends that the probable cause established by the affidavit which supported the search warrant was lost when Investigator McDorman subsequently learned that cocaine was no longer present at the apartment, thereby invalidating the warrant. However, like the officers in Turner, the police in this instance merely postponed execution of the warrant to a time considered favorable to discovery of the targeted evidence, thereby promoting, rather than diminishing, the efficacy of the warrant. Id. at 747, 420 S.E.2d at 241. This decision in no way impaired or displaced the original probable cause established by

the affidavit.

Moreover, defendant's argument overlooks the breadth of the search expressly authorized by the warrant.  In addition to "[c]ontrolled substance," the warrant included "paraphrenalia [sic], currency, documents, records" and numerous other items "associated with the possession and distribution of narcotics" and related evidence, as proper objects of the search.  While the record reflects that defendant's supply of cocaine was temporarily depleted, nothing suggests that the remaining articles referenced in the warrant were no longer present.  To the contrary, the circumstances indicated otherwise.

Accordingly, probable cause continued to exist from the time the warrant was issued until its execution on March 10, 1992, and the trial court correctly overruled defendant's motion.

Affirmed.